IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFFREY J.,<br><br>                    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:21-cv-00129-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Jeffery J.'s appeal from the decision of the Social Security Administration denying his application for disability insurance benefits. The Court will affirm the administrative ruling.

I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether their findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

In July 2019, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on August 9, 2018.[7] Plaintiff's claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on January 28, 2021.[9] The ALJ issued a decision on February 22, 2021, finding that Plaintiff was not disabled.[10] The Appeals Council denied Plaintiff's request for review on July 23, 2021,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

On January 6, 2022, Plaintiff filed his complaint in this case.[13] On January 20, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 219–22.

[8] *Id.* at 121, 134.

[9] *Id.* at 45–76.

[10] *Id.* at 28–44.

[11] *Id.* at 17–22.

[12] 20 C.F.R. §§ 404.981, 422.210(a).

[13] Docket No. 4.

Tenth Circuit.[14] The Commissioner filed an answer and the administrative record on March 14, 2022.[15]

Plaintiff filed his Opening Brief on June 6, 2022.[16] The Commissioner's Answer Brief was filed on July 1, 2022.[17] Plaintiff filed his Reply Brief on July 26, 2022.[18]

B.   MEDICAL HISTORY

Plaintiff has a history of back, neck, and knee pain, post-traumatic stress disorder ("PTSD"), and depression.[19] Plaintiff claimed that the following impairments limited his ability to work: PTSD, depression, deficiencies in social functioning, bilateral knee impairments, and cervical lumbar spine impairments. At the hearing before the ALJ, Plaintiff stated that he does not get along well with others due to his PTSD and that he has "two bad knees," a "bad neck," and a "bad back."[20] Plaintiff also stated that he suffers from headaches.[21]

C.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of August 9, 2018.[22] At step two, the ALJ found that Plaintiff

---

[14] Docket No. 11.
[15] Docket Nos. 13–15.
[16] Docket No. 18.
[17] Docket No. 20.
[18] Docket No. 22.
[19] R. at 388, 406, 417–18, 460.
[20] *Id.* at 55–56.
[21] *Id.* at 62.
[22] *Id.* at 33.

suffered from the following severe impairments: degenerative disc disease of the cervical spine, osteoarthritis of the bilateral knees, and headaches.[23] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[24] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations.[25] At step four, the ALJ determined that Plaintiff could not perform his past relevant work.[26] At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, he was not disabled.[27]

### III. DISCUSSION

Plaintiff argues that the ALJ erred in his treatment of Plaintiff's lumbar and low back pain, his obesity, and his mental impairments.

A.     LUMBAR AND LOW BACK PAIN

Plaintiff first argues that the ALJ failed to consider the effects of Plaintiff's back pain on his ability to stand, walk, or perform other postural activities. This is incorrect. The ALJ noted that Plaintiff sought treatment for back pain.[28] However, the ALJ pointed to evidence that, upon examination, Plaintiff was able to ambulate, had full strength, and exhibits a normal range of

---

[23] *Id.* at 33–35.
[24] *Id.* at 35–36.
[25] *Id.* at 36–39.
[26] *Id.* at 39.
[27] *Id.* at 39–41.
[28] *Id.* at 37–38.

motion.[29] The ALJ also cited to the findings of two state agency medical consultants who both opined that Plaintiff could perform light work with certain postural limitations.[30] The ALJ found these findings persuasive and included their proposed postural limitations in the RFC assessment. Plaintiff does not challenge this finding and does not point to evidence suggesting that further postural limitations are supported by the record. Thus, remand is not required on this point.

B.     OBESITY

Plaintiff next argues that the ALJ erred in evaluating his obesity. The ALJ is required to consider a claimant's obesity when assessing their RFC.[31] However, the ALJ may not "make general assumptions about the severity or functional effects of obesity combined with another impairment(s)."[32] Rather, the ALJ must "evaluate each case based on the information in the case record."[33]

Here, there is little, if any, evidence as to the limiting effects of Plaintiff's obesity. While certain records placed Plaintiff's weight above the threshold to be considered obese, Plaintiff did not list obesity as a condition that limited his ability to work.[34] Nor did Plaintiff discuss his obesity in his functional report or in his testimony before the ALJ.[35] In his briefs, Plaintiff points

---

[29] *Id.* at 453, 460.

[30] *Id.* at 127, 130–31, 140–41, 143–44.

[31] *See* SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019).

[32] *Id.*

[33] *Id.*

[34] R. at 238.

[35] *Id.* at 51–67, 253–60.

to no evidence that his obesity exacerbated his other impairments. In such a situation, the ALJ's failure to discuss Plaintiff's obesity is harmless.[36] Therefore, remand is not required on this issue.

C.     MENTAL LIMITATIONS

Finally, Plaintiff argues that the ALJ erred in her evaluation of his mental impairments. The ALJ found mild limitations in all areas of mental functioning, citing specific evidence in the record to support her conclusions. As a result, the ALJ concluded that Plaintiff's mental impairments "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore nonsevere."[37]

Plaintiff's argument largely focuses on the fact that two prior administrative decisions found Plaintiff's mental impairments to be severe. However, these decisions concerned different time periods with different medical records. Thus, these prior administrative decisions did not require the ALJ to conclude that Plaintiff's mental impairments were more limiting. Moreover, Plaintiff does nothing to challenge the actual reasons provided by the ALJ to support her findings of mild limitations. The ALJ cited to evidence that Plaintiff exhibited intact memory, reacted well to treatment, was consistently cooperative and socially appropriate, exhibited good

---

[36] *Rose v. Colvin*, 634 F. App'x 632, 637 (10th Cir. 2015) (finding no error where the plaintiff pointed to "no medical evidence indicating that her obesity resulted in functional limitations"); *Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 798 (10th Cir. 2013) (finding no error where "there is no record indication of any functional limitations from Ms. Sims's obesity or of any impairments possibly caused or exacerbated by her obesity"); *Callicoatt v. Astrue*, 296 F. App'x 700, 702 (10th Cir. 2008) ("Without some evidence that her obesity was relevant to her other alleged impairments during the relevant time frame, the ALJ was not required to consider the claimant's obesity.").

[37] R. at 34.

concentration, and was able to engage in various activities of daily living.[38] Based upon this evidence, the ALJ's findings are supported by substantial evidence

Plaintiff further argues that the ALJ erred in failing to discuss a statement made by Dr. Phillip Gale. In a treatment note, Dr. Gale stated that Plaintiff was "not a promising candidate for work/employment given that he is transitioning his [mental health] medication and has chronic PTSD which can limit a patients (sic) ability to manage moderate stressors such as work or socioeconomic stress even when stable on a [mental health] medication."[39]

The regulations provide that the ALJ must articulate "how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record."[40] However, the ALJ need not evaluate statements that a claimant is not able to perform work because such evidence is "neither valuable nor persuasive."[41] Under this framework, Dr. Gale's statement that Plaintiff was not a promising candidate for work is not a proper medical opinion and the ALJ was not required to evaluate it. Therefore, any failure to discuss it is harmless.

Dr. Gale's next statement—that patients with chronic PTSD can have limited ability to manage moderate stressors such as work or socioeconomic stress—is less than clear. The treatment note does not reflect whether Dr. Gale is making this statement more broadly or whether it applies to specifically to Plaintiff. A statement regarding a claimant's ability to

---

[38] *Id.* at 255–26, 308, 433, 435, 462, 464, 605, 606, 608, 619, 622.

[39] *Id.* at 306.

[40] 20 C.F.R. § 404.1520c(b).

[41] *Id.* § 404.1520b(c)(3)(i).

respond appropriately to work pressures is a proper medical opinion that needs to be evaluated under the regulations.[42] Thus, to the extent that Dr. Gale's statement reflects his opinion that Plaintiff would be limited in managing moderate stressors, it should have been considered.

However, an ALJ's failure to evaluate a medical opinion constitutes harmless error where "[t]here is no reason to believe that a further analysis or weighing of this opinion could advance [the plaintiff's] claim of disability."[43] Here, the ALJ fully discussed Plaintiff's mental health treatment. Those records reveal that Plaintiff was pleasant, smiling, and appearing euthymic; his thoughts were logical, linear, and goal directed; he demonstrated adequate concentration; he displayed intact memory and good judgment; and he responded well to medication.[44] Further, the state agency psychological consultants, whom the ALJ found persuasive, opined that Plaintiff had only mild mental limitations.[45] Based upon this evidence, there is no suggestion that further evaluation of Dr. Gale's statement could advance Plaintiff's claim. Therefore, any error in not considering it is harmless.

## IV. CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision of the Commissioner.

---

[42] *Id.* § 404.1513(a)(2)(ii).

[43] *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012).

[44] R. 308, 433, 435, 462, 464, 605, 606, 608, 619, 622.

[45] *Id.* at 128, 142.

DATED this 4th day of August, 2022.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge